UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 13-324-CAS | Date | June 23, 2014 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Laura Elias | Fred Medick, DOJ<br>Blanca Quintero, DOJ |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| OLUFUNKE IBIYEMI FADOJUTIMI | | X | X | FEMI BANJO | | X | X |

DEFENDANT'S EX PARTE APPLICATION TO CONTINUE THE TRIAL DATE (Dkt. #77, filed June 20, 2014)

GOVERNMENT'S MOTIONS IN LIMINE (Dkt. #'s 48-49, 62, 70, 72)

ORDER RE: GOVERNMENT'S NOTICE OF INTENT TO OFFER RULE 404(B) EVIDENCE (Dkt. #50, filed Dec. 10, 2013)

**Proceedings:** DEFENDANT'S MOTIONS IN LIMINE (Dkt. #'s 81-82)

On June 23, 2014, the Court held a pretrial conference and motion in limine hearing in the above-captioned matter. The Court's rulings on the parties' motions in limine are set forth below, as is the Court's ruling on defendant's ex parte application to continue the trial.

As stated on the record at the hearing, the government shall file a trial brief, not to exceed 10 pages, on or before **July 15, 2014**, setting forth the government's anticipated witnesses and evidence in support of its case-in-chief.

**I.     DEFENDANT'S EX PARTE APPLICATION TO CONTINUE THE TRIAL DATE (Dkt. #77, filed June 20, 2014)**

Defendant seeks a continuance of the trial date until July 29, 2014, on the grounds that he is engaged in another matter in Nigeria until early July 2014. The government filed an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

opposition on June 23, 2014.  Dkt. #83.  Based on the Court's current trial calendar, the Court finds that defendant's application should be GRANTED IN PART.  Specifically, the trial is hereby continued until **July 22, 2014**, at 9:30 am.

II.     **GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE IMPROPER USE OF INTERVIEW REPORTS (Dkt. #48, filed December 6, 2013)**

The government seeks to preclude defendant from introducing reports of witness interviews, such as FBI 302 reports, for the purpose of impeaching witnesses based on prior inconsistent statements.  The government contends that it is improper to permit a defendant to impeach a witness based on such reports because those reports represent government "agents' selection of certain information," see United States v. Claiborne, 765 F.2d 784, 801 (9th Cir. 1985), rather than verbatim recitals or transcripts of a prior witness statement.  Defendant filed an opposition on April 3, 2014, dkt. #63, and the government replied on June 16, 2014, dkt. #74.

The Court DENIES this motion without prejudice to being renewed at trial, with respect to particular interview reports or summaries, because the determination of whether a report is more properly viewed as a summary, as opposed to "a substantially verbatim recital of an oral statement made by [a] witness and recorded contemporaneously," cannot be made in the abstract.  See United States v. Quassani, 2013 WL 2476799, at *2 (D. Nev. June 7, 2013) (citing 18 U.S.C. § 3500(e)(1)-(2)) (observing that this determination requires an "individual assessment" of the interview reports at issue).

Additionally, to the extent that defendant intends to use interview reports for the purpose of impeaching a trial witness based on a prior inconsistent statement, she is directed to first provide such reports to the Court and the government outside the presence of the jury.

III.    **GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT AS TO DEFENDANT'S DEPENDENTS (Dkt. #49, filed December 6, 2013)**

The government seeks to preclude defendant from introducing evidence or advancing arguments regarding her dependents, on the grounds that it is irrelevant under Federal Rule of Evidence 402 and its probative value is unfair prejudicial under Rule 403.  Defendant filed an opposition on April 3, 2014, dkt. #64, and the government replied on June 16, 2014, dkt. #73.

The Court agrees with the government that such evidence is irrelevant, and even if it were relevant, its probative value is substantially outweighed by the danger of unfair prejudice,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

confusion of issues, and wasting time. Accordingly, the government's motion is hereby GRANTED. However, at trial, defendant may proffer specific items of evidence regarding her dependents outside the presence of the jury, and seek the Court's leave to present such evidence.

**IV.    GOVERNMENT'S MOTION IN LIMINE TO ADMIT BUSINESS RECORDS (Dkt. #62, filed April 2, 2014)**

The government seeks to admit a series of business records that, according to the government, demonstrate defendant's control over the financial transactions that form part of the basis for the charges in the indictment. Defendant has not filed an opposition. The Court hereby GRANTS this motion because they are admissible under Federal Rule of Evidence 803(6), have been authenticated pursuant to Rule 902(11), and are relevant to the charges contained in the indictment.

**V.    GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING DEFENDANT'S CULTURAL HERITAGE OR TRADITIONS (Dkt. #70, filed June 9, 2014)**

The government seeks to preclude defendant from introducing evidence or advancing arguments regarding her cultural heritage or traditions, on the grounds that such evidence is irrelevant and unfairly prejudicial. Defendant filed an opposition on June 22, 2014. Dkt. #79. Defendant argues that such evidence is probative of defendant's reasons for failing to question the propriety of certain financial transactions. The Court finds that this motion should be GRANTED because defendant's reasons for acting or failing to act are irrelevant to the issue of whether defendant committed the offenses charged in the indictment. See, e.g., United States v. Moore, 498 Fed. App'x 195, 215 (4th Cir. Nov. 28, 2012). However, at trial, defendant may proffer specific items of evidence outside the presence of the jury regarding her cultural heritage or traditions, and seek the Court's leave to present such evidence.

**VI.    GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING CO-DEFENDANT FATUNMBI'S FUGITIVE STATUS OR PRIOR CONVICTION (Dkt. #72, filed June 15, 2014)**

The government seeks to preclude evidence or argument as to the fact that defendant's co-defendant, Ayodeji Temitayo Fatunmbi, has fled the Court's jurisdiction. The government contends that such evidence or argument is is irrelevant under Rule 402 and creates a risk of jury confusion under Rule 403. Defendant filed an opposition on June 22, 2014. Dkt. #80. The Court agrees with the government, and accordingly GRANTS the government's motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Defendant contends that evidence of Fatunmbi's fugitive status may be relevant because, according to defendant, the government intends to introduce evidence that defendant failed to produce certain documents during discovery. Defendant asserts that the reason for this failure to produce documents is that they are in Fatunmbi's possession. If, at trial, the government proceeds to introduce evidence that defendant failed to produce certain documents, defendant may, outside the presence of the jury, seek the Court's leave to present evidence of Fatunmbi's fugitive status for the purpose of rebutting the government's evidence.

**VII.  GOVERNMENT'S NOTICE OF INTENT TO OFFER RULE 404(B) EVIDENCE (Dkt. #50, filed December 10, 2013)**

The government states that it intends to offer the following evidence pursuant to Federal Rule of Evidence 404(b):

> In or around June 2006, Defendant submitted a residential loan application. The loan application included a W-2 Wage and Tax Statement ("W-2") that said she received approximately $80,000 in wages from Round the Clock Medical Services ("RTCM") in 2004, and another W-2 that said she received approximately $80,000 in wages from RTCM in 2005. In contrast, Defendant's Form 1040 U.S. Individual Tax Returns disclose only $7,500 in income from RTCM in 2004, and no income at all from RTCM in 2005.

Dkt. #50 at 2. Defendant responded on April 3, 2014, dkt. #65, and the government replied on June 16, 2014, dkt. #75. Defendant argues that this evidence should be excluded on the grounds that it is unfairly prejudicial under Rule 403. The Court disagrees, and finds that this evidence is admissible for the purpose of proving defendant's knowledge and lack of mistake as to her income from RTCM.[1]

**VIII.  DEFENDANT'S MOTION IN LIMINE TO PRECLUDE LAY OPINION OF MEDICAL NECESSITY (Dkt. #81, filed June 23, 2014)**

Defendant seeks to preclude the government from introducing medical opinion testimony from lay witnesses as to whether a particular client or patient of defendant's company required particular medical devices, such as power wheelchairs, by reason of medical necessity. At the

---

[1] The government has withdrawn a second notice of intent to offer Rule 404(b) evidence, which was initially filed on March 10, 2014. Dkt. #58. Accordingly, the Court does not address that notice herein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

hearing held on June 23, 2014, the government stated that it intended only to introduce testimony of percipient witnesses as to whether a particular person appeared to have need of a wheelchair. The Court finds that defendant's motion should be GRANTED IN PART and DENIED IN PART, as follows. The government may provide testimony from lay witnesses as to whether, based on those witness's observations, a particular person walked or otherwise behaved in a certain manner. However, lay witnesses may not testify as to any opinions that they may have formed, based on their observations, as to whether a particular person needed a wheelchair or other equipment. See Fed. R. Evid. 701 ("[T]estimony in the form of an opinion is limited to one that is . . . not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.").

### IX. DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE USE OF DEFENDANT'S GRAND JURY TESTIMONY (Dkt. #82, filed June 23, 2014)

The Court RESERVES ruling on this motion until it has examined the grand jury minutes giving rise to the indictment. The Court will issue its ruling on this motion in a separate order, prior to trial.

IT IS SO ORDERED.

|  | 00 | : | 40 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |

cc: Pretrial Services