UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

| Case No. | CR 13-324-CAS | | Date | July 18, 2014 |
|---|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER |
|---|---|

| Interpreter | N/A |
|---|---|

| Catherine Jeang | Not Present | Fred Medick, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| OLUFUNKE IBIYEMI FADOJUTIMI | Not | | X | FEMI BANJO | Not | | X |

| Proceedings: | **(IN CHAMBERS):** DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE USE OF DEFENDANT'S GRAND JURY TESTIMONY (Dkt. #82, filed June 23, 2014) |
|---|---|

## I.      INTRODUCTION AND BACKGROUND

On June 23, 2014, the Court held a pretrial conference and motion in limine hearing in the above-captioned matter, which is scheduled for trial on July 22, 2014.  By order dated June 23, 2014, the Court ruled on all but one of the parties' pending motions in limine.  Dkt. #84.  The Court also reserved ruling on defendant's motion in limine to preclude the use, at trial, of her grand jury testimony, dkt. #82, until the Court had an opportunity to review the transcript of the grand jury proceedings.

On July 2, 2014, the government lodged a copy of the transcript of the grand jury proceedings, and also filed an opposition to defendant's motion.  Dkt. #'s 87-88.[1]  After considering the parties' arguments, and reviewing the grand jury transcript, the Court finds and concludes as follows.

## II.      DISCUSSION

In the context of a grand jury proceeding, "[e]ven if a witness validly claims the privilege in response to one question, a prosecutor or grand juror can continue to question [her] about

---

[1] The Court also heard argument on this motion during the motion in limine hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

other topics; the witness must claim the privilege as to each question, or [she] will be held to have waived it."  Susan W. Brenner & Lori E. Shaw, 1 Fed. Grand Jury § 11:49 (2d ed. Westlaw 2013); see also United States v. Mandujano, 425 US 564, 581 (1976) (noting that "when [a] grand jury witness asserts the privilege [against self incrimination], questioning need not cease, except as to the particular subject to which the privilege has been addressed. . . . Other lines of inquiry may properly be pursued.").

Here, defendant seeks to preclude the government from introducing her grand jury testimony at trial.  Defendant argues that her grand jury testimony was obtained in violation of her Fifth Amendment rights because the government continued to question her after she invoked her Fifth Amendment privilege against self incrimination.  This argument fails.  While defendant was before the grand jury, government counsel informed defendant that her conduct was being investigated for possible violation of federal criminal laws, including health care fraud and money laundering.[2]  RTGJ 2-3.[3]  Government counsel advised defendant that she was permitted to refuse to answer any question that would tend to incriminate her, and also that defendant was free to step outside and consult with her counsel at any time during the proceedings.  Id. at 3.[4]  Government counsel then proceeded to ask defendant a series of questions.[5]  While defendant responded to some questions, she also declined to answer others, invoking the Fifth Amendment.  E.g., RTGJ at 5.  When defendant declined to answer a question, government counsel moved on to ask a different question.  Defendant also availed herself of the opportunity to confer with her counsel.  E.g., RTJG at 11.  The transcript thus demonstrates that defendant was aware of her right not to answer certain questions, and was not coerced into answering questions for which she invoked her Fifth Amendment privilege against self-incrimination.  Thus, to the extent that defendant provided an answer to some of

---

[2] However, as of the date of these grand jury proceedings, no charges had been filed against defendant.

[3] "RTGJ" denotes the Reporter's Transcript of the Grand Jury Proceedings held on January 17, 2013, in this matter.  See dkt. #88.

[4] The parties do not dispute that defendant's counsel was present outside the grand jury room during these proceedings.

[5] The government represents that it intends to introduce only a small portion of defendant's grand jury testimony, which is appended to its opposition brief as Exhibit A.  The government reserves the right to seek to introduce other portions of defendant's testimony during cross-examination of defendant, or during its rebuttal case, if any.  However, the government states that it will seek leave of Court, outside the presence of the jury, before attempting to introduce these other portions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

government counsel's questions, the Court finds that these answers were not obtained in violation of the Fifth Amendment.  Accordingly, it is appropriate for the government to introduce the portions of defendant's grand jury testimony contained in Exhibit A to defendant's opposition brief.[6]

However, when the government introduces such testimony, government counsel shall not refer to the fact that defendant testified in a grand jury proceeding, and shall not provide any portion of the grand jury transcript to the jury.  Rather, government counsel shall state that defendant testified in a "prior proceeding," and then may read the testimony contained in Exhibit A into the record.

In accordance with the foregoing, defendant's motion to preclude introduction of defendant's grand jury testimony at trial is hereby DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |

cc:   Pretrial Service

---

[6] To the extent that defendant argues that her grand jury testimony is inadmissible at trial because she is under no obligation to testify, this argument fails.  It is well settled that a defendant's grand jury testimony is admissible at trial, provided that the testimony was otherwise properly obtained.  See United States v. Washington, 431 U.S. 181, 188 (1977); Fed. Grand Jury § 19:16 (2d ed. Westlaw 2013);

2