UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

| Case No. | CR 13-324-CAS | | Date | July 31, 2014 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Not Present | Fred Medick, Not Present<br>Blanca Quintero, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| OLUFUNKE IBIYEMI FADOJUTIMI | NOT | | X | FEMI BANJO<br>OMATSHOLA DAFETA | NOT<br>NOT | | X<br>X |

| Proceedings: | (IN CHAMBERS): GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE HEARSAY STATEMENTS REGARDING THE LOCATION OF THE LUTEMI PATIENT FILES (Dkt. #105, filed July 27, 2014)<br><br>GOVERNMENT'S MOTION IN LIMINE REGARDING EXCLUSION OF EVIDENCE OF GOVERNMENT WITNESS'S PRIOR CRIMINAL CONVICTIONS (Dkt. #89, filed July 14, 2014) |
|---|---|

## I.   INTRODUCTION AND BACKGROUND

A jury trial in this matter commenced on July 22, 2014. That Court has already ruled on the bulk of the parties' motions in limine. See dkt. #'s 84, 94. On July 14, 2014, the government filed a motion in limine to exclude evidence of witness Rodolfo Hernandez's prior criminal convictions pursuant to Federal Rule of Evidence 609. Dkt. # 89. Defendant filed an opposition on July 21, 2014.[1] Dkt. #97. The Court heard oral argument on this motion on July

---

[1] Defendant argues that the present motion is untimely because it was filed after the motion in limine hearing. This argument fails. The Court has given both parties substantial latitude with regard to the briefing schedule on motions in limine. For example, defendant filed two motions in limine on June 23, 2014, dkt. #'s 81-82, on the day of the motion in limine hearing, and the Court nonetheless considered those motions. The Court will therefore consider the present motion as well, in spite of the fact that it was filed after the motion in limine hearing and eight days before trial. However, both parties are admonished to refrain from making last-minute filings that could have been made earlier.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

22, 2014.  On July 27, 2014, the government filed a motion in limine to preclude certain hearsay statements during defendant's case in chief.  Dkt. #105.  No opposition has been filed.  The Court held a hearing on that motion on July 30, 2014.  After considering the parties' arguments, the Court finds and concludes as follows.

## II.    GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF PRIOR CRIMINAL CONVICTIONS

Federal Rule of Evidence 609 sets forth the rules for "attacking a witness's character for truthfulness by evidence of a criminal conviction."  Fed. R. Evid. 609(a).  In general, convictions which involve proof of dishonest acts or false statements must be admitted.  Id. 609(a)(2).  Other convictions are admissible subject to Rule 403, provided that the witness is not a defendant.  Id. 609(a)(1)(A).  However, "if more than 10 years have passed since the [later of the] witness's conviction or release from confinement," those convictions may not be used to impeach a witness's credibility unless the court determines that: (1) the probative value of the convictions "substantially outweighs its prejudicial effect," and (2) "the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."  Id. 609(b); see United States v. Portillo, 633 F.2d 1313, 1323 (9th Cir. 1980).  "Generally, crimes of violence, theft crimes, and crimes of stealth do not involve 'dishonesty or false statement' within the meaning of rule 609(a)(2).  Although such crimes may indicate a lack of respect for the persons or property of others, . . . they do not 'bear directly on the likelihood that the [witness] will testify truthfully.'"  United States v. Glenn, 667 F.2d 1269, 1273 (9th Cir. 1982) (citing United States v. Hayes, 553 F.2d 824, 827 (2d Cir. 1977)).  Similarly, convictions for driving under the influence of alcohol generally do not bear on a witness's credibility.  See United States v. Wilman, 77 F.3d 981, 986 (7th Cir. 1996).

The Government states that it intends to call Rodolfo Fernandez as a witness at trial.  Fernandez has convictions for driving under the influence of alcohol, reckless driving, and driving while under the influence of alcohol on a highway.  Mot. Ex. 1.  These convictions date from 1970 to 1974.  Id.  Hernandez also has a 1985 conviction for possessing or manufacturing combustible materials with intent to burn or set fire to a structure or other property, see Cal. Penal Code § 453, and a 2000 conviction for assault with a deadly weapon, see id. § 245(a)(1).  Mot. Ex. 1.  The Government contends that these convictions are not a proper basis for impeachment because they do not involve crimes of dishonesty or false statements, and more than 10 years have passed since Fernandez's convictions and associated releases from confinement.

The Court agrees.  According to the records provided by the government, more than 10 years have passed since these convictions and their associated periods of confinement.  See Mot. Ex. 1.  Therefore, Fernandez's convictions may only be used for impeachment purposes if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

their probative value "substantially outweighs" their prejudicial effect. See Fed. R. Civ. P. 609(b). Defendant's convictions include crimes of violence as well as driving under the influence. These crimes do not generally involve dishonesty or false statements. See Glenn, 667 F.2d at 1273; Wilman, 77 F.3d at 986. Since these types of crimes "do not bear on the likelihood that [Fernandez] will testify truthfully," the Court finds that their probative value does not substantially outweigh their prejudicial effect. The Court therefore concludes that the convictions set forth in the records provided by the government, see Mot. Ex. 1, may not be used to impeach Fernandez's credibility.[2]

### III. GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE HEARSAY STATEMENTS REGARDING THE LOCATION OF PATIENT FILES

The government filed this motion in anticipation of the possibility that defendant would choose to call witnesses on her behalf, or to testify. Defendant has elected not to do either of these things. On July 30, 2014, the government agreed that this motion should be denied as moot.

### IV. CONCLUSION

In accordance with the foregoing, the Government's motion to preclude the introduction of evidence of Fernandez's prior convictions is hereby GRANTED.

The government's motion to preclude hearsay statements regarding the location of patient files is hereby DENIED as moot.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |

cc: Pretrial Service

---

[2] Defendant argues that "[i]t will be important to test Fernandez's credibility" at trial, and that evidence of his prior convictions should therefore be admitted. This argument fails because, as set forth herein, the probative value of these convictions does not substantially outweigh the danger of unfair prejudice if evidence of these convictions is admitted.