UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

| Case No. | 2:13-cr-00324-CAS | Date | January 12, 2015 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Laura Elias | Fred Medick, DOJ |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| OLUFUNKE I. FADOJUTIMI | X | | X | FEMI BANJO | X | | X |

| Proceedings: | DEFENDANT OLUFUNKE I. FADOJUTIMI'S MOTION FOR JUDGMENT OF ACQUITTAL UNDER RULE 29 AND FOR A NEW TRIAL UNDER RULE 33 (dkt. 135, filed Dec. 8, 2014) |
|---|---|

## I.     INTRODUCTION & BACKGROUND

On May 9, 2014, the government filed a first superseding indictment charging defendant Olufunke I. Fadojutimi with one count of conspiracy to commit health care fraud, pursuant to 18 U.S.C. § 1349 (count one), seven counts of health care fraud and causing an act to be done, pursuant to 18 U.S.C. § 1347 and 18 U.S.C. § 2(b), and one count of laundering of monetary instruments, pursuant to 18 U.S.C. § 1956(h). Dkt. 1. Following a six day trial, a jury found defendant guilty of counts one through nine of the indictment on July 31, 2014. Dkt. 120.

In brief, defendant—a registered nurse who owned and operated a business known as Lutemi Medical Supplies, a Medicare provider—was charged and convicted of participating in a scheme to submit false and fraudulent claims to Medicare for power wheelchairs ("PWCs") and other durable medical equipment ("DME"). Specifically, defendant and her associates paid marketers to recruit Medicare beneficiaries—<u>i.e.</u>, patients—to obtain PWCs and DME, and provided doctors with kickbacks in exchange for prescribing these to devises to beneficiaries who did not medically require them.

On December 8, 2014, defendant filed the instant motion for acquittal and/or for a new trial. Dkt. 135. The government opposed the motion on December 15, 2014. Dkt. 136. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

Court held a hearing on January 12, 2015.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

### A.   Motion for Judgment of Acquittal Under Fed. R. Crim. P. 29

Under Rule 29, a judgment of acquittal is warranted if the evidence is insufficient to sustain a conviction.  Fed. R. Crim. P. 29(a).  "The evidence is sufficient to support a conviction if, 'viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  United States v. Magallon-Jimenez, 219 F.3d 1109, 1112 (9th Cir. 2000) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).  Further, "all reasonable inferences are to be drawn in favor of the government, and any conflicts in the evidence are to be resolved in favor of the jury's verdict."  United States v. Alvarez-Valenzuela, 231 F.3d 1198, 1201-02 (9th Cir. 2000).

### B.   Motion for a New Trial Under Fed. R. Crim. P. 33

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  A motion for a new trial is "directed to the discretion of the district judge" and "should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict." United States v. Pimentel, 654 F.2d 538, 545 (9th Cir.1981).

## III.  DISCUSSION

Defendant contends that either an acquittal or a new trial is warranted for three reasons: (1) the indictment upon which she was convicted does not state a crime; (2) there were "manifest errors that plagued [her] trial," including the "admission of irrelevant, unfairly prejudicial and otherwise inadmissible evidence"; and (3) the evidence presented was insufficient to sustain a conviction against her.  Dkt. 135 at 2.  The Court addresses each argument in turn.

Defendant's first two arguments are without merit.  First, defendant does not explain how the indictment fails to state a crime.  Although this does not appear to be a ground for either a Rule 29 or Rule 33 motion, in any event, the fourteen page indictment clearly sets forth the elements of the crimes charged, and contains detailed allegations of defendant's involvement in a scheme to defraud Medicare.  Defendant's second assertion that "manifest errors" plagued her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

trial is similarly baseless, since defendant does not direct the Court to the allegedly irrelevant, unfairly prejudicial, and inadmissible evidence that constituted the "manifest errors."

As to her third contention, the defendant asserts that the evidence was insufficient to sustain a conviction because "[t]here was no competent, professional and direct evidence against the medical necessity of the PWC that were prescribed." Dkt. 135 at 3. In particular, defendant contends that the government did not call any of the physicians who signed the medically unnecessary PWC and DME prescriptions, and that the government's evidence "clearly shows that the patients [who were prescribed PWCs and DME] were duly and properly examined by physicians who were certified by Medicare and were issued provider numbers." Id. At oral argument, counsel for defendant largely reiterated these arguments, stating that a new trial was warranted because the government did not establish that patients did not need the PWCs at the time they were prescribed. Counsel for defendant further argued that the government failed to meet its burden of proof, since it subpoenaed neither the prescribing physicians nor their records.

Defendant misses the mark. Viewing the evidence in the light most favorable to the government, the Court finds that there was sufficient evidence presented for the jury to infer that the PWC and DME prescriptions were not medically necessary. The government offered, inter alia, the following evidence regarding the lack of medical necessity: (1) John Voorhees, the representative from Safeguard Services, and Special Agent Rochelle Wong from the Department of Health and Human Services-Office of the Inspector General-Office of Investigations both testified to the meaning of "medical necessity" under Medicare guidelines;[1] (2) all but one of the actual Medicare beneficiaries named in the substantive counts of the indictment testified in court that he or she was able to walk and did not need a PWC, and most also testified that they were recruited by a marketer and did not obtain their PWC prescriptions from their primary care physicians; (3) the sole named Medicare beneficiary who did not testify was represented by his son, who testified that his father did not need a PWC; (4) two of the named Medicare beneficiaries' primary care physicians testified that their patients did not need, and never needed, PWCs; and finally, (5) evidence was presented indicating that defendant paid kick-backs to marketers to recruit patients for medically unnecessary PWCs, as well as to doctors to prescribe those PWCs. See Gov't Opp'n at 3-4. From this ample evidence, a juror could reasonably infer that the prescribed PWCs and DME were medically unnecessary.

---

[1] Safeguard Services contracts with the Centers for Medicare & Medicaid Services to ensure the integrity of the Medicare system by, among other things, identifying potentially fraudulent Medicare providers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

In sum, defendant has not carried her burden to demonstrate an insufficiency of evidence under Rule 29, nor has she demonstrated that hers is an "exceptional case" such that the "interest of justice" requires a new trial pursuant to Rule 33.

**IV.    CONCLUSION**

In accordance with the foregoing, the Court DENIES defendant's motion for acquittal and/or a new trial.  Defendant's sentencing is reset for March 9, 2015 at 1:00 P.M.

IT IS SO ORDERED.

|  | 00 | : | 40 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |

cc:    U.S. Probation
       Pretrial Services